UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

OTHA CLEVELAND MADISON                                                                PETITIONER


V.                                                              CIVIL ACTION NO. 3:11-cv-00243-CWR-FKB


DANNY SCOTT, Warden                                                                  RESPONDENT


REPORT AND RECOMMENDATION

This matter is before the Court on the Respondent's Motion to Dismiss (Docket No. 7) pursuant to 28 U.S.C. § 2244(d). Petitioner opposes the motion, and for reasons explained below, the undersigned recommends that the Motion to Dismiss be **granted**.

FACTS AND PROCEDURAL HISTORY

On February 4, 2004, Madison was sentenced as a habitual offender to thirty-five years in the custody of the Mississippi Department of Corrections ("MDOC"), having been convicted of armed robbery in the Circuit Court of Rankin County, Mississippi. Madison appealed his conviction, and the Mississippi Court of Appeals affirmed on March 7, 2006. Madison v. State, 923 So. 2d 252 (Miss. Ct. App. 2006). Madison did not seek rehearing or a writ of certiorari to the Mississippi Supreme Court.

On February 14, 2007, Madison filed a motion in the Mississippi Supreme Court seeking leave to proceed with a motion for post conviction relief. That application was denied by order dated March 2, 2007. Madison filed a second motion for state court post conviction relief on December 5, 2008, which was denied as a successive petition on December 17, 2008.

Thereafter, on April 15, 2011, pursuant to the "mailbox rule,"[1] Madison filed the instant petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. See 28 U.S.C. 2244(d)(2).

## DISCUSSION

1. Statute of Limitations.

In his petition, Madison argues that the writ of habeas corpus should be granted in his favor because: the State violated discovery rules by withholding exculpatory evidence; the trial court committed reversible error in denying a circumstantial evidence instruction; he was denied effective assistance of counsel at trial; he was denied effective assistance of appellate counsel; and there was prosecutorial misconduct.[2] Respondent did not answer the petition, but instead has moved for dismissal on the ground that the petition is untimely. In light of the Court's conclusion that the Respondent's motion should be granted, it will not address the substantiative issues presented in Madison's petition.

Respondent points to the revised 28 U.S.C. § 2244(d) as the basis for its motion. As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Section 2244(d) reads as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>     (A) the date on which the judgment became final by the

---

[1] "For pleadings submitted by prisoners acting pro se, the Fifth Circuit has recognized that a 'mailbox rule' applies and that the date when prison officials receive the pleading from the plaintiff for delivery to the court is considered the time of filing for limitations purposes. Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995). It may reasonably be inferred that a prisoner delivered his petition to the prison officials for mailing on the date he signed it. See United States v. O'Kaine, 971 F.Supp. 1479, 1480 (S.D. Ga. 1997)." Punch v. State of Louisiana, 1999 WL 562729, *2 n.3 (E.D. La. July 29, 1999)(unpublished).

[2] All these grounds for relief were raised in Madison's first state court post conviction petition.

>conclusion of direct review or the expiration of the time for
>seeking such review;
> (B) the date on which the impediment to filing an application
>created by State action in violation of the Constitution or laws of
>the United States is removed, if the applicant was prevented from
>filing by such State action;
>(C) the date on which the constitutional right asserted was initially
>recognized by the Supreme Court, if the right has been newly
>recognized by the Supreme Court and made retroactively
>applicable to cases on collateral review;  or
>(D) the date on which the factual predicate of the claim or claims
>presented could have been discovered through the exercise of due
>diligence.
>
>(2) The time during which a properly filed application for State post-conviction or
>other collateral review with respect to the pertinent judgment or claim is pending
>shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1996).

Because Madison filed for habeas relief after April 24, 1996, the effective date of the AEDPA, the Act's provisions are applicable to his petition.  Asserting that Madison's petition does not fall into any of the exceptions listed in § 2244(d)(1)(B)-(D), Respondent argues that Madison's petition is untimely.  According to Respondent, though Madison's first and properly filed application for post conviction relief tolled the statute of limitations, Madison had until April 8, 2007,[3] to timely file his petition in this court, and, instead, he filed it on April 15, 2011.

Madison's petition, filed in this Court on April 15, 2011, was over three years late. The time during which Madison's second application for post conviction relief was pending in state

---

[3] To arrive at April 8, 2007 as the deadline, Respondent added to the one year limitation period eighteen days, the total period from the date on which Petitioner signed his post-conviction relief Petition (February 12, 2007) to the date on which the Mississippi Supreme Court denied the Petition (March 2, 2007).  April 8, 2007 is one year plus eighteen days from March 21, 2006 , which was the fourteen day filing deadline for Petitioner to seek further review in state court of the March 7, 2006, Mississippi Court of Appeals decision affirming his conviction.

court does not toll the statute of limitations because it was not properly filed. Even if it had been, it was denied on December 17, 2008, adding only the twelve days it was pending to the limitations period.

Madison argues that there will be a fundamental miscarriage of justice if the Court denies his petition as time barred because he is innocent. Madison agrees that his petition was late, but argues that the statute of limitations should be tolled in accordance with the doctrine of equitable tolling. He asserts that from March of 2007 until March of 2008, he was incarcerated at the Carroll County Correctional Facility, which Madison alleges does not provide any legal assistance program for inmates. Madison also states he was not able to retain an attorney until August or September of 2008, and even then the attorney decided to file a successive petition in state court rather than file in federal court. Madison further claims he was transferred to "D.C.F." in December, 2008, and that it did not provide adequate legal assistance. In support of his contention that the statute should be tolled, Madison cites Egerton v. Cockrell, 334 F.3d 433 (5th Cir. 2003), in which the Fifth Circuit held that failure of the prison law library to provide a copy of the AEDPA was an impediment that tolled the statute of limitations where there was no evidence the petitioner had actual knowledge of the AEDPA.

2. Equitable Tolling.

The analysis used for equitable tolling is similar to that used for "statutory tolling" under AEDPA. An exception to the statute of limitations is set forth in §2244(d)(1)(B) which provides that the one-year statute of limitations for habeas petitions begins on the latest of several events, including "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the

applicant was prevented from filing by such State action." The first case in which the Fifth Circuit found such an impediment was <u>Egerton v. Cockrell</u>, 334 F.3d 433 (5th Cir. 2003). There, the Court considered whether the inadequacy of a state's prison law libraries could be such an impediment. <u>Egerton v. Cockrell,</u> 334 F.3d 433, 436 (5th Cir. 2003). The library in question lacked any federal materials, and no other arrangements had been made to apprise prisoners of their rights. Rejecting the state's argument that an inadequate law library could not be an impediment because it was not an "affirmative act" preventing the filing of a habeas petition, the Court held that the library was constitutionally inadequate, in violation of the First and Fourteenth Amendments.[4] <u>Egerton</u>, 334 F.3d at 438. Thus, in Egerton's case, the failure to provide adequate research materials was an "impediment" for purposes of §2244(d)(1)(B). <u>Egerton</u>, 334 F.3d at 438-39.

In making that ruling, the Court stopped short of permitting a dearth of research material to excuse every late filing, concluding, "an inadequate prison law library **may** constitute a state created impediment that would toll the AEDPA's one-year limitations period pursuant to § 2244(d)(1)(B)." <u>Id</u>. at 439 (emphasis added). In <u>Egerton</u>, no copy of the AEDPA was available in the prison, but the prisoner promptly filed his state, and then his federal, habeas petitions after being moved to a facility with an adequate law library. As the district court stated in <u>Neal v. Bradley</u>, Civil Action No. 2:05cv67, 2006 WL 2796404 at *2 (N.D. Miss., Sept. 25, 2006), the rule adopted in <u>Egerton</u> is "extremely circumscribed," and inmates are attempting to expand its

---

[4] The Court in <u>Egerton</u> stated that "the absence of all federal materials from a prison library (without making some alternative arrangements to apprise prisoners of their rights) violates the First Amendment right, through the Fourteenth Amendment, to access to the courts." 334 F.3d at 438.

5

holding far beyond the narrow set of facts to which it applies.  Egerton was incarcerated prior to 1996,  and was unaware of AEDPA's passage; and since his facility had no copy of the AEDPA, he had no way of learning of its passage until after the limitations period had run.  Id. at *3.

In the instant case, Madison generally asserts that he had no access to legal assistance. He does not allege that a copy of AEDPA was unavailable to him, or even that he was unaware of AEDPA.  In fact, Madison claims that the prison should have provided someone knowledgeable to assist with his petition and additionally that a prior attorney told him that he had requested an extension of time to file a habeas petition on Madison's behalf, which clearly demonstrates that Madison knew there was a time limit.  Madison does not, however, allege that the attorney told him an extension was actually granted or that the Court in any way misled him about the limitations period.

Madison  was incarcerated on his conviction  well after the 1996 passage of AEDPA. Copies of the AEDPA  were clearly available under the Inmate Legal Assistance Program ("ILAP"), and all inmates in the custody of MDOC have access to this law.  The Court is aware from other cases that all Mississippi state inmates are provided with a handbook upon entry into the MDOC which sets forth the ILAP program and explains how they can request help with legal work.  See Neal at *3-4.  Inmates may receive a copy of the first step post-conviction packet upon their request, and this packet discusses the AEDPA one year limitations statute.  Id.  The ILAP was available to aid Madison, and he needed only to request those services in a form and seek general information regarding how to challenge his conviction.  Id. at *4.

Madison provides no evidence of any attempts he made to receive legal assistance.  He was obviously aware of federal habeas corpus as a remedy, and he should have known that

deadlines would come into play.  Madison's circumstances are totally different from Egerton's, and he may not benefit from the state-created impediment exception contained in § 2244(d)(1)(B), or equitable tolling.

As the Neal Court noted in its discussion of Egerton:

The Fifth Circuit applies equitable tolling only "where the [petitioner] is actively misled by the [state] about the cause of action or is prevented in some extraordinary way from asserting his rights," *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996), or where a petitioner may have been misled by the court into believing that the limitations period was extended. ...[t]he petitioner has not asserted "rare and exceptional circumstances" justifying the doctrine of equitable tolling, *Scott v. Johnson*, 227 F.3d at 263, and mere ignorance of the law by an incarcerated *pro se* prisoner does not justify tolling of the statute of limitations. *Alexander v. Cockrell*, 294 F.3d at 630 (citing *Fisher*).

Id. at *3 (N.D. Miss. Sept. 26, 2006).

For the reasons discussed above, it is the undersigned's opinion that Madison's § 2254 Petition filed in this Court is  untimely under 28 U.S.C. § 2244 and must be dismissed.  He has not established a basis for equitable tolling or set forth a state created impediment which would trigger a statutory exception.  Further, he has not set forth a factual basis to establish that the Court's failure to review his petition on its merits would result in a fundamental miscarriage of justice.

## CONCLUSION

Accordingly, for the reasons stated above, Respondent's motion to dismiss should be **granted,** and this case should be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation

within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. §636; Fed. R. Civ. P. 72(b)(as amended, effective December 1, 2009); <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

      RESPECTFULLY SUBMITTED this the 3rd day of August, 2011.

                <u>s/ F. Keith Ball</u>
                UNITED STATES MAGISTRATE JUDGE