IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**OTHA CLEVELAND MADISON**                                                          **PETITIONER**

**vs.**                                                                          **No. 3:11CV243-CWR-FKB**

**DANNY SCOTT, WARDEN**                                                             **RESPONDENT**

## ORDER

This is an action for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. Pending before the Court is Respondent's Motion to Dismiss Pursuant to § 2244(d)[Docket No. 7], the magistrate judge's Report and Recommendation [Docket No. 9], and the *Petitioner Objections to Report and Recommendation* [Docket No. 11]. The Court is now ready to rule. Having considered the *Petitioner Objections to Report and Recommendation* [Docket No. 11], the undersigned adopts the recommendation of the magistrate judge and finds that Petitioner' motion must be overruled.

## FACTS AND PROCEDURAL HISTORY

On February 4, 2004, Madison was sentenced as a habitual offender to thirty-five years in the custody of the Mississippi Department of Corrections ("MDOC"), based upon a conviction of armed robbery in the Circuit Court of Rankin County, Mississippi. The Mississippi Court of Appeals affirmed on March 7, 2006. *Madison v. State*, 923 So.2d 252 (Miss. Ct. App. 2006). He failed to seek rehearing or a writ of certiorari to the Mississippi Supreme Court.

On February 14, 2007, Madison sought leave in the Mississippi Supreme Court to proceed with a motion for post conviction relief. It was denied March 2, 2007. On December 5, 2008, Madison filed a second motion for state court post conviction relief, but it was denied as a successive petition on December 17, 2008. Then, on April 15, 2011, pursuant to the "mailbox rule," Madison

filed the instant petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. See 28 U.S.C. 2244(d)(2). Since that time, the state has filed a motion to dismiss which the magistrate judge granted on August 3, 2011. In that Court's order, it instructed that

> the parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the court]. Although Petitioner did not file his objections until September 6, 2012, the Court consider's Petitioner's objections timely filed.[1]

## DISCUSSION

Because Objections have been filed to the Magistrate's Report and Recommendations, this Court is required to "make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, the Court is not required to reiterate the findings and conclusions of the Magistrate Judge, nor need it consider objections which are frivolous, conclusive, or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997).

In Petitioner's initial habeas petition, he raises several grounds for relief. The state filed a motion to dismiss the petition to 28 U.S.C. § 2244(d), and contends that the statute of limitations for this petition has run. In response, Madison asserts that this petition is timely because of equitable tolling and the fact that he is actually innocent. As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Section 2244(d) reads as follows:

---

[1] Given that the entry of the Report and Recommendations was August 4, 2011, and the request for extension of time to file objections was received on August 23, 2011, the Court will consider Petitioner's subsequent filing timely.

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest off- -
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1996).

Starting with Madison's actual innocence claim as ground for habeas relief for which he alleges he has discovered new evidence under 2244(d)(1)(D), it is well-established that this allegation alone is not enough. In this circuit actual innocence does not provide an independent basis for habeas relief. *In re Swearingen*, 556 F.3d 344, 348 (5th Cir. 2009); *Graves v. Cockrell*, 351 F.3d 143, 151 (5th Cir. 2003). The purpose of habeas review is to determine whether a constitutional violation has infected the trial– not whether an innocent person has been wrongfully convicted. See *Herrera v. Collins*, 506 U.S. 390, 401 (1993)(habeas review concerns "not the petitioners' innocence or guilt but solely whether their constitutional rights have been preserved")(quoting *Moore v. Depsey*, 261 U.S. 86, 87-88 (1923). Notably, Madison failed to establish that a state-created impediment prohibited him from filing his habeas petition within the one-year limitations period. Therefore, the exception set forth in § 2244(d)(1)D) is not met.

Furthermore, to the extent that Madison alleges that his showing of actual innocence triggers equitable tolling, he is also incorrect. See *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002); *Felder v. Johnson*, 204 (F.3d 168, 171 & n. 8)(5th Cir. 2000). In addition, although the "fundamental miscarriage of justice" principle operates as an exception to the general rule that claims which have been procedurally defaulted in state court may not be heard on habeas review, there is no "miscarriage of justice" exception set forth in 2244(d). *Ford v. Johnson*, 2001 WL 803555, at *5 (5th Cir. 2001). Therefore, Madison's allegations of actual innocence do not state a cognizable claim for habeas relief.

## CONCLUSION

Having made a *de novo* review of the objections raised by Petitioner to the Report and Recommendations, the Court is of the opinion that for these reasons, as well as the reasons set forth in the magistrate judge's report and recommendation, the findings and conclusions of the Magistrate Judge are correct. Accordingly, Madison's petition shall be dismissed with prejduce as untimely under 28 U.S.C. 2244(d).

SO ORDERED AND ADJUDGED, this the 19th day of March, 2012.

                s/Carlton W. Reeves
                UNITED STATES DISTRICT JUDGE